IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| DAMMON T. HAYNES, | ) | |
|---|---|---|
| Petitioner, | ) | 8:19CV87 |
| v. | ) | |
| BRAD HANSEN, Warden, and STATE OF NEBRASKA, | ) | MEMORANDUM AND ORDER |
| Respondents. | ) | |

Pending before me is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Respondents have filed a motion for summary judgment predicated on the assertion that the federal statute of limitations ran out before Petitioner filed his petition.

I agree with Respondents and further find no basis to excuse application of the statute of limitations based on equitable tolling.[1] Accordingly, the motion for summary judgment is granted and the petition is dismissed with prejudice. Briefly, my reasons for doing so are set forth below.

*Facts*

1. On September 17, 2014, Petitioner Dammon T. Haynes pled no contest in the District Court of Douglas County, Nebraska, to three convictions in two separate cases: (a) stalking and (b) terrorist threats in case no. CR14-701, and (c) tampering with a juror, witness, or informant in case no. CR14-1202. (Filing No. 10-3 at CM/ECF

---

[1] No other excuse is asserted by Petitioner such as a state created impediment.

pp. 1-2)² At the plea hearing, the district court found the stalking conviction to be a second offense. (*Id*. at CM/ECF p. 1.)

2.      On November 19, 2014, the state district court found Haynes to be a habitual criminal and sentenced him to 12 to 24 years on each conviction. (*Id.* at CM/ECF pp. 3-6.) The court ordered the sentences for stalking and terroristic threats to run concurrently with one another and the tampering sentence to run consecutively to those other sentences. (*Id.* at CM/ECF pp. 3, 5.)

3.      Haynes filed a consolidated direct appeal, alleging excessive sentences. *State v. Haynes*, 2015 WL 4626756 (Neb. App. 2015). The Nebraska Court of Appeals, in an opinion dated August 4, 2015, affirmed Haynes' sentences for the tampering and terroristic threats convictions. *Id.* The court, however, vacated the stalking sentence and remanded for resentencing on that conviction only for the reason that the sentence should not have been enhanced under the habitual criminal statute because it was enhanced as a second offense under the stalking statutes. *Id.* No petition for further review was filed with the Nebraska Supreme Court. (Filing No. 10-1 at CM/ECF pp. 4, 8.) Haynes was resentenced to 20 months to 5 years on the stalking conviction; he did not appeal from the resentencing order, which was filed on October 2, 2015. *See* Douglas County District Court Case No. CR14-701.

4.      On July 14, 2016, Haynes filed a timely motion for post-conviction relief in case no. CR14-701. (Filing No. 10-4 at CM/ECF p. 1.) The state district court denied post-conviction relief without an evidentiary hearing. (*Id.* at CM/ECF pp. 21-26.) As the district court noted in its order, Haynes only filed a post-conviction motion in CR14-701, the case involving the stalking and terroristic threats convictions; no

---

² I take judicial notice of the records of those cases using the Nebraska Judicial Branch online record keeping system, https://www.nebraska.gov/justice/. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

postconviction motion was filed in the tampering case. (*Id.* at CM/ECF p. 21.) *See, also*, Douglas County District Court Case No. CR14-1202.

5.   Haynes appealed the denial of post-conviction relief, and on March 9, 2018, the Nebraska Supreme Court affirmed the state district court's judgment. *State v. Haynes*, 908 N.W.2d 40 (Neb. 2018). Haynes filed a motion for rehearing, which was overruled as untimely filed. (Filing No. 10-2 at CM/ECF p. 4.) The mandate was issued on April 16, 2018. (Id.)

6.   Haynes' habeas petition, in which he references all three convictions, was filed with this Court on February 25, 2019. (Filing No. 1.)

### *The Statute of Limitations Ran Out*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondents suggest, and I agree, that it is appropriate to separately review each of the three convictions for compliance with the AEDPA statute of limitations. This approach seemingly provides Haynes with the best opportunity to beat the clock. Even so, Haynes badly blew the statute of limitations by hundreds of days.

*Tampering Conviction*: For statute of limitations purposes, 906 days count against Petitioner. Haynes' state-court judgment for his tampering conviction became final upon the conclusion of direct review. The Nebraska Court of Appeals affirmed Haynes' tampering conviction on August 4, 2015, and the judgment became final 30 days later on September 3, 2015, when Haynes' deadline to petition the Nebraska Supreme Court for further review expired. *See Gonzalez v. Thaler*, 565 U.S. 134 (2012) (holding that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking such review expires); Neb. Ct. R. App. P. § 2-102(F)(1) (stating that a petition for further review and memorandum brief in support must be filed within 30 days after the release of the opinion of the Court of Appeals). Thus, Haynes had until September 3, 2016, to file his habeas petition. This deadline was not tolled because Haynes did not file a motion for post-conviction relief in the district court for this case. Thus, Haynes' habeas claims filed on February 25, 2019, relating to his tampering conviction are untimely filed.

*Terroristic Threats Conviction*: For statute of limitations purposes, 630 days count against Petitioner. Like his tampering conviction, Haynes' state-court judgment for his terroristic threats conviction became final on September 3, 2015, because the Court of Appeals affirmed that conviction on August 4, 2015, and Haynes did not petition the Nebraska Supreme Court for further review. Unlike the tampering conviction, however, the clock was tolled for Haynes' terrorist threats conviction

because he filed a timely motion for postconviction relief on July 14, 2016. A total of 315 days expired after the statute of limitations began running on September 3, 2015, until the filing of the post-conviction motion. The statute of limitations was tolled until April 16, 2018, which is the day the Nebraska Supreme Court issued its mandate affirming the state district court's denial of post-conviction relief. See *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that a post-conviction application is considered pending until the state court issues its mandate or denies review, even if a petitioner files a petition for certiorari in the Supreme Court). The limitations period then continued to run until February 25, 2019, when Haynes filed his habeas petition. Thus, an additional 315 days expired between the conclusion of Haynes' state post-conviction proceedings and the filing of this habeas petition. Because a total of 630 days count toward the one-year period, Haynes is out of luck.

*Stalking Conviction:* For statute of limitations purposes, 570 days count against Petitioner. Regarding Haynes' stalking conviction, the Nebraska Court of Appeals vacated the sentence for that conviction and remanded for resentencing. Thus, the state-court judgment for his stalking conviction did not become final until the deadline passed for Haynes to appeal his new sentence. The sentencing order for Haynes' new stalking sentence was entered on October 2, 2015, and as a result, Haynes, had until November 2, 2015, to file an appeal of that order (since November 1, 2015, was a Sunday). *See* Neb. Rev. Stat. § 25-1912(1) (Reissue 2016); *see also In re Interest of J.A.*, 510 N.W.2d 68, 71 (Neb. 1994) (a notice of appeal must be filed within 30 days of the date the judgment or order was entered on the journal of the trial court); *State v. Yos-Chiguil*, 772 N.W.2d 574, 579 (Neb. 2009) (in a criminal case, the judgment is the sentence). Haynes did not appeal his new sentence, and thus, his stalking conviction became final on November 2, 2015, and the one-year statute of limitations began running on that date. Like Haynes' terroristic threats conviction, the statute of limitations was tolled from July 14, 2016, until April 16, 2018, during the pendency of his state post-conviction proceedings. A total of 255 days expired before Haynes filed his motion for post-conviction relief, and an additional 315 days expired between the conclusion of Haynes' state post-conviction proceedings and the filing of this habeas

petition. Like the others, Haynes' habeas petition is also untimely filed as it relates to his stalking conviction.

## *Equitable Tolling*

Petitioner may (albeit awkwardly) claim he is entitled to equitable tolling. If he makes that claim, it is clearly unavailing. Essentially, he argues that his appellate counsel on the direct appeal should have filed a petition for further review with the Nebraska Supreme Court. Petitioner seems to suggest that had counsel done so, the statute of limitations would have been tolled for a sufficient period of time that his habeas petition would have been timely.

A litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006); *see also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 534 U.S. 863 (2001). The Eighth Circuit has reiterated, with respect to equitable tolling of the deadline for § 2254 petitions, "that '[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (citation omitted).

First, given the several hundreds of days (discussed above) when Petitioner could have filed his federal habeas corpus case, it is obvious that he sat on his rights and failed to act with due diligence. Second, there is nothing "extraordinary" about an appellate lawyer not filing a petition for further review with the Nebraska Supreme Court on a direct appeal–competent counsel do so all the time–and besides counsel was partially successful in obtaining a reversal and remand on one of the sentences. It is worth remembering that Petitioner had no right to counsel for a discretionary review

by a state's highest court. *Ross v. Moffit*, 417 U.S. 600 (1974). And this is manifestly not one of those extremely rare cases where counsel's actions constituted fundamental violations of ethics codes. *Compare Holland v. Florida*, 560 U.S. 631, 652 (2010).

### *No Certificate of Appealability*

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The motion for summary judgment (filing no. 9) is granted.

2. The habeas corpus petition (filing no. 1) is denied and dismissed with prejudice.

3. No certificate of appealability has been or will be issued.

4. Judgment will be entered by separate document.

DATED this 24th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge